SANBORN, Respondent, vs. PERRY and others, Appellants.

*September 11 — November 28, 1893.*

(1) *Appeal: Judgment for costs.* (2) *Foreign judgment: Limitation of actions.*

1. A judgment for costs is appealable.
2. A claim against the estate of a decedent was disallowed by a probate court in Minnesota, and such disallowance was affirmed on appeal by a district court of that state, on the ground that the claim was barred by the statute of limitations. Such disallowance and affirmance, having in Minnesota the force and effect of a judgment in favor of the estate, are given the same force and effect in this state, pursuant to sec. 1, art. IV, Const. of U. S.

APPEAL from the Circuit Court for *Douglas* County.

On September 25, 1858, the plaintiff and one French recovered judgment in the district court for Ramsey county, Minnesota, against William Hollinshead for $3,674. That

---

judgment was affirmed on appeal by the supreme court of Minnesota, July 23, 1859, and the same was docketed August 16, 1859, and has never been paid. On February 20, 1860, said French died, and the plaintiff became the owner of the entire judgment.

On December 25, 1860, the said William Hollinshead, being then and for a long time prior thereto a resident and citizen of said Ramsey county, died intestate, leaving a widow and four minor children. His widow and one Masterson, since deceased, were appointed to administer his said estate, which consisted of a large amount of property not inventoried and a large amount of debts. Commissioners upon the claims against said estate were appointed by the probate court of Ramsey county in 1861, and again in 1871, but none of them ever qualified, and it does not appear that said estate was ever settled. In 1889 the plaintiff petitioned the probate court of Ramsey county for the allowance of said judgment as a claim against said estate, and upon a hearing of that petition the said probate court disallowed said claim and the whole thereof, October 9, 1889. Said petitioner thereupon appealed from said disallowance to the district court of said Ramsey county, where such disallowance was affirmed June 3, 1890, and it was held by said district court on said appeal that said claim was barred by the statutes of limitation of Minnesota, and that the plaintiff was entitled to no relief, and judgment was entered therein accordingly.

On November 18, 1890, upon proceedings properly had in the county court of Douglas county, Wisconsin, a decree was entered to the effect that said heirs of the said William Hollinshead had inherited the lands of which he died seised in said Douglas county. On September 22, 1891, the plaintiff petitioned the county court of Douglas county for administration of said real estate in that county, and, due notice of the hearing of said petition having been given,

the purchasers of said real estate from said heirs appeared
and resisted the same.   After the hearing, and on Decem-
ber 14, 1891, the said county court for Douglas county de-
nied said application, principally on the ground that said
judgment of the probate court of Ramsey county, affirmed
in the district court of that county, is conclusive upon the
rights of the plaintiff, and forever estopped him from as-
serting any claim on said judgment against said estate.
On appeal from that judgment to the circuit court for
Douglas county the same was, December 19, 1892, reversed
and remanded for further proceedings according to law,
and judgment was therein ordered against these defend-
ants for the plaintiff's costs and disbursements.   From the
judgment entered accordingly the defendants appeal.

For the appellants there was a brief by *Catlin & Butler
& Carl C. Pope* and *Murphy & Bundy*, and oral argument
by *Carl C. Pope*.   They argued, among other things, that
"if a person having a demand against another presents it
as a cause of action or a counterclaim, and the statute of
limitations is successfully interposed against it, he cannot
assert it in another state, though it is not there barred by
the statute.   The judgment, being conclusive against him
where entered, is equally so in every other state." · Free-
man, Judgm. sec. 575; *Sweet v. Brackley*, 53 Me. 346;
*Wernse v. McPike*, 100 Mo. 476; *Weeks v. Harriman*, 65
N. H. 91; *Sanderson v. Peabody*, 58 id. 116–119.

For the respondent there was a brief by *William M. Gill*
and *Charles J. Berryhill*, and oral argument by *Mr. Berry-
hill.*

The following opinion was filed September 26, 1893:

Cassoday, J.   Counsel for the plaintiff moves to dismiss
the appeal on the ground that it is taken from a mere in-
terlocutory order by which the defendants are in no way
aggrieved.   But, as indicated in the foregoing statement, the

appeal is from a judgment inflicting costs upon the defendants, and is clearly appealable. *Cleveland v. Burnham,* 60 Wis. 16; *Sutton v. Wegner,* 72 Wis. 294. The motion to dismiss is denied.

The question presented by the record turns upon the effect to be given to the disallowance of the plaintiff's claim by the probate court of Ramsey county, Minnesota, October 9, 1889, and the affirmance thereof by the district court of the same county, June 3, 1890. By the stipulation and agreement of the parties made in the trial court, and of record herein, the statutes and laws of Minnesota, and the decisions of the supreme court of that state, as to the questions here involved, are to be considered and taken as evidence in this case. The debtor died December 25, 1860, and administrators of his estate were thereupon appointed by the probate court of Ramsey county, in which he resided at the time of his death. Upon granting letters of administration, the statute of that state required commissioners to be appointed to examine and adjust all claims and demands against the estate. Sec. 1, ch. 53, Gen. Stats. 1878. The statutes of that state also required the probate court to limit the time within which such claims should be presented, not exceeding eighteen months in the first instance, and which time the court was at liberty to extend, so that the whole time should not exceed two years from the time of appointing such commissioners. Secs. 6, 7, Id. The statutes of that state also provided that "in no other case, except such as are expressly provided for in this chapter, shall any action be commenced or prosecuted against an executor or administrator." Sec. 53, Id. The case at bar does not come within the exceptions therein expressly made. True, the commissioners appointed failed to qualify, but the statute of that state also required the judge of the probate court to perform the duties conferred upon such commissioners. Ch. 69, Laws of 1879. We perceive no

reason why the plaintiff might not have presented his claim and forced the settlement of the estate. The supreme court of that state appears to have frequently held that every claim which is not presented for allowance within the time limited by the probate court for that purpose is forever barred, unless it came within some one of the exceptions named in the statutes. *Comm. Bank v. Slater*, 21 Minn. 172, 174; *Fern v. Leuthold*, 39 Minn. 212; *Hill v. Townley*, 45 Minn. 168; *Hill v. Nichols*, 47 Minn. 382. The law as thus declared was, in effect, continued and preserved by the new "Probate Code" of that state, which was enacted and approved April 24, 1889, and which by its express terms went into force and effect October 1, 1889, being eight days prior to the disallowance of the plaintiff's claim by the probate court of Ramsey county. Secs. 102–115; 2 Stats. Minn. 1891, secs. 5715–5729. Moreover sec. 102 of that Probate Code expressly declares that "the allowance or disallowance of any claim *shall have the same force and effect as a judgment for or against the estate.*" Id. sec. 5715. Thus it appears that the disallowance of the plaintiff's claim by the probate court, October 9, 1889, had the force and effect of a judgment in favor of the estate and against the plaintiff; and of course the affirmance of, that judgment by the district court, June 3, 1890, had the same force and effect, and therefore was conclusive upon the plaintiff in that state, whatever may have been the law of Minnesota prior to that enactment. If the plaintiff was dissatisfied with such adjudications of the probate and district courts, he had his remedy by appealing to the supreme court of that state. His failure to appeal would seem to indicate an absence of any doubt as to the correctness of that judgment.

The question here presented is whether that judgment shall have the same force and effect in this state that it has

in that state. The constitution of the United States declares that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." Sec. 1, art. IV. This provision is binding upon the courts of this state as well as the courts of other states. The provision quoted has frequently been construed by the supreme court of the United States, and such construction is necessarily binding upon all state courts. Following *Mills v. Duryee*, 7 Cranch, 481, it was said by MARSHALL, C. J., speaking for the whole court, in *Hampton v. McConnel*, 3 Wheat. 235, that: "The doctrine there held was that the judgment of a state court should have the same credit, validity, and effect in every other court in the United States which it had in the state where it was pronounced; and that whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court in the United States." So in *McElmoyle v. Cohen*, 13 Pet. 325, 326, Mr. Justice WAYNE, speaking for the whole court, said: "The faith and credit due to it [the foreign judgment] as the judicial proceeding of a state is given by the constitution, independently of all legislation." And again, quoting from Mr. Story's Commentaries, he said: "If a judgment is conclusive in the state where it is pronounced, it is equally conclusive everywhere in the states of the Union. If re-examinable there, it is open to the same inquiries in every other state." Numerous cases in the same court might be cited to the same effect. *Chicago & A. R. Co. v. Wiggins Ferry Co.* 119 U. S. 615; *Huntington v. Attrill*, 146 U. S. 657. In a very recent case it has been held by that court that "the construction given by the supreme court of a state to a statute of limitation of the state will be followed by this court, even in a case decided the other way in the circuit court [of the United States] before the decision of

the state court." *Bauserman v. Blunt,* 147 U. S. 647. See, also, *Morgan v. Hamlet,* 113 U. S. 449.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to affirm the judgment of the county court.

Upon a motion for a rehearing, counsel for the respondent contended, *inter alia,* that the judgment in Minnesota disallowing the claim determined merely that the remedy to enforce it was barred by the statute of limitations of that state. It did not determine the merits, but merely that there was no remedy under the laws *of that state,* and that is its only force and effect. But it does not follow that there is no remedy in Wisconsin. "It is only the remedy and not the cause of action that is barred by the foreign statute; the foreign prescription is no more than a limitation of time within which the action must be brought in the foreign state." Piggott, Foreign Judgm. 202; *Huber v. Steiner,* 2 Bing. N. C. 210, 2 Scott, 304; *Harris v. Quine,* L. R. 4 Q. B. 657, 38 L. J. Q. B. 331, 20 L. T. R. N. S. 947; *Kipp v. Johnson,* 31 Minn. 360; *Townsend v. Jemison,* 9 How. 407; *Taylor v. Barron,* 35 N. H. 484; *Bank of U. S. v. Donnally,* 8 Pet. 361, 370; *Brent v. Bank of Washington,* 10 Pet. 617; Wood, Lim. sec. 8; Story, Confl. of Laws (8th ed.), sec. 582; 13 Am. & Eng. Ency. of Law, 703 G.; Sutherland, Stat. Const. 626; *Hendricks v. Comstock,* 12 Ind. 238; *Paine v. Drew,* 44 N. H. 306; *Perkins v. Guy,* 55 Miss. 153; *David v. Porter,* 51 Iowa, 254; *Baker v. Stonebraker,* 36 Mo. 338; *McMerty v. Morrison,* 62 id. 140.

The motion was denied November 28, 1893.