CHARLES F. DURSTON, Administrator, Appellant, v. MARGARET A. POLLOCK *et al.*

Probate Law : Time for Filing Claims : Laws of Sister State. A father became liable as surety for a son, and died in Illinois, leaving property there and land in Iowa, the last being devised to a daughter. The will was probated in Iowa. The Illinois statute bars claims not exhibited within two years after the grant of letters testamentary, except as to property "not inventoried or accounted for". within said two years. *Held*, it is presumed, in the absence of evidence, that the Illinois executor made such periodical reports as are required by Iowa law, that such reports disclosed the probate of the will made in Iowa, and, thus "accounted" for the Iowa land within two years, and that a claim made in Illinois after two years, would have heen held barred there against the Iowa land, and is so here.

2  SAME. Such a claim will not be allowed here against said land, though filed within the five years allowed by the Iowa statute.

*Appeal from Ringgold District Court.*—HON. W. H. TEDFORD, Judge.

MONDAY, OCTOBER 8, 1894.

THE plaintiff is the executor of the last will and testament of Jacob W. Unangst, who died in Mercer

county, Illinois, on the nineteenth day of October, 1885. During his lifetime, he signed, as surety for his son, D. M. Unangst, a note to Mrs. Agnes Whan. The will of Jacob Unangst was admitted to probate in Mercer county Illinois, on the twenty-first day of October, 1885, and the plaintiff was appointed as administrator, with the will annexed, on the twenty-sixth day of October, 1885. Unangst left surviving him two children, D. M. Unangst and Margaret A. Pollock, who is a defendant. At his death, Unangst owned real estate and personal property in Illinois, and eighty acres of land in Ringgold county, in this state. By his will, he devised to D. M. Unangst, for life, eighty acres of land in Mercer county, Illinois, and the remainder to his children, and to Margaret A. Pollock, for life, the eighty acres in Ringgold county, and the remainder to her children. The personal and the real estate in Illinois was inventoried by the administrator, and, except eighty acres devised to D. M. Unangst, all was sold, and the proceeds paid to claimants and legatees and for expenses of administration. By the laws of Illinois, claims not filed within two years of the appointment of the administrator are barred from payment out of assets inventoried within the two years, but may be allowed by the circuit court, and paid from assets inventoried or discovered after the two years. The claim of Agnes Whan on the note signed by Jacob W. Unangst was not filed within the two years, but after the two years, she obtained a judgment thereon in the circuit court of Illinois on the sixteenth day of May, 1889, against the administrator. The will of Jacob W. Unangst was admitted to probate in Ringgold county, Iowa, on the eleventh day of April, 1887; and on the thirtieth day of August, 1890, the plaintiff was appointed as administrator in Ringgold county, ancillary to his appointment in Illinois. Agnes Whan filed her claim against the estate in Ringgold county,

December 26, 1890, which the administrator allowed in the sum of seven hundred and fifty-four dollars and fifty-four cents. Agnes Whan and the plaintiff are now, and have been at all times, residents of Mercer county, Illinois. There are some other facts, including a showing for the failure to file the claim within the two years in Illinois, that, with our view of the case, we think it unnecessary to state. This action is for an order of the district court, sitting in probate, to sell the land in Ringgold county, for the payment of the claim. The petition was dismissed, and the plaintiff appealed.— *Affirmed.*

*F. F. Fuller* and *Bassett & Bassett* for appellant.

*J. W. Keeler* and *M. A. Campbell* for appellees.

GRANGER, C. J.—I. In a section of the Illinois statutes providing "the order of payment of demands" in the settlement of estates, after other specifications, it is provided: "(7) All other debts and demands, of whatsoever kind, without regard to quality or dignity, which shall be exhibited to the court within two years from the granting of letters, as aforesaid, and all demands not exhibited within two years, as aforesaid, shall be forever barred, unless the creditors shall find other estate of the deceased, not inventoried or accounted for by the executor or administrator." Revised Statutes, chapter 3, section 70. From the Illinois Reports we note the following, under appellant's citations, as to how the law is construed in that state: "As Pool did not exhibit his claim within two years from the grant of letters of administration, he is precluded by the statute of limitations from any participation in that portion of the estate of William Castles which was inventoried or accounted for by the administrator during that period.

His judgment can only be satisfied out of estate discovered or inventoried after the expiration of the two years." *Sloo v. Pool*, 15 Ill. 47. On page 49 of the same report it is said: "The statute makes it the duty of the administrator, within three months after his appointment, to return to the probate court a full and perfect inventory of the real and personal property of the intestate. The administrator of William Castles did not return an inventory of the real estate within two years from the grant of administration. The real estate was therefore not inventoried or accounted for during that period of time, and Pool is consequently entitled to participate equally with the other creditors in the proceeds thereof." In *Bradford v. Jones*, 17 Ill., on page 94, the language of the decision is as follows: "It was evidently the intention of the statute to allow debtors who had neglected to present their claims againt the estate within the two years to seek satisfaction out of any property belonging to the estate which had not been thus inventoried, and which they can find, and thus apply, assuming, as the law might well assume, that the inventories would show all of which the executor or administrator had any knowledge. It is a matter of no moment, and can make no difference with the debtor's rights, whether the estate not inventoried is discovered before or after he obtains his judgment, or even the commencement of his suit, or whether he himself first finds such property. The test prescribed by the statute is whether it has been inventoried or accounted for by the executor or administrator. If it has not been, and he can find or get hold of it, he is entitled to have it applied to the payment of his debt in the mode pointed out by the statute." In *Peacock v. Haven*, 22 Ill., on page 26, the court says: "If he does not exhibit it [his claim], * * * then his judgment is to be satisfied out of such property as may be subsequently discovered and inventoried. If,

instead of suing, he is sued by an executor or adminis-
trator, he can plead ·his claim by way of set-off, and
the balance be adjudged to him, to be paid out of any
estate thereafter discovered or inventoried." In
*Blanchard v. Williamson*, 70 Ill. 647, the court says,
on page 650: "It is true the statute requires claims of
the class to which appellee's belongs shall be exhibited
within two years from the granting of letters, or be
forever barred, unless the creditor shall discover other
assets not inventoried or accounted for. * * * The
law has prescribed no period in which a party can
present his claim against an estate. It is apprehended
he might do it any time before the debt itself is barred
by the statute of limitation." And, again, on page
651: "The bar is as to the payment of claims out of
effects previously inventoried, but there does not seem
to be any bar as to the payment of claims out of prop-
erty not inventoried or accounted for, other than what
is to be found in the general limitation laws."

The record fully warrants the conclusion that the
ancillary administration in this state is only for the
payment of the claim of Agnes Whan. Her claim was
not exhibited in the probate court of Mercer county
within two years from the issuance of letters to the
administrator, and, under the laws of that state, she
was barred from receiving any part of the estate inven-
toried or accounted for during the two years; but in
that state, except under the general law as to the
limitation of actions, there is not a bar to the presenta-
tion and payment of claims in the probate court, but,
as to claims not exhibited within two years after the
granting of letters of administration, they are only to
be paid if "other estate of the deceased, not inventoried
or accounted for by the executor or administra-
tor," is found. It is conceded that the land in
Iowa was not inventoried by the administrator
in Illinois. Was it "accounted" for by the admin-

istrator, within the meaning of the law of that state?
We are not aware that the supreme court of that state
has ever defined the statute as to what would amount
to an accounting for property not inventoried.  It is
plain that the statute contemplates an accounting by
the executor for property not taken upon his inventory,
and brought in that way to the knowledge and under
the supervision of the court, under usual administra-
tive proceedings.    Wherein the record does not disclose
the methods of procedure of the probate court of
Illinois, we are warranted in presuming that they are
like ours, and that the administrator makes periodical
reports of his doings with and for the estate.    The will
annexed to the appointment of the plaintiff in Illinois
makes specific reference to and disposition of the land
in this state.

The clause of the will in this respect is as follows:
"I, Jacob W. Unangst, do will to Margaret A. Pollock
the following parcels of land:    The north half of the
southwest quarter of section sixteen (16), in township
number seventy(70)north, of range number twenty-nine
(29) west, also south half of the east half of the north-
east quarter of the northwest quarter of section thirty-
three (33), in township (70) north, of range thirty (30)
west, containing ninety (90) acres, more or less, during
her lifetime;  after her death, to be equally divided
between her children.    I have executed a deed in
accordance with this, my will."  This land is in Ringgold
county, Iowa.    From this fact it will be seen that the
land in Iowa was not property "discovered" after the
two years, but that it was made, by the will, a subject of
action by the executor; for, to a proper carrying out
of the terms of the will, the land being in Iowa, and as
a probate of the will in this state was essential to give
the will effect as to the land, he was required to procure
the probate of the will, to the end that the intent of the
testator should be carried into effect.    A learned law
writer has said that it is the duty of such an adminis-

trator "to steer, like an executor, by the chart which
the deceased has left behind." Within the two years
for exhibiting claims in the probate court of Mercer
county, and at a time when the only purpose of pro-
bating the will in Ringgold county would be to give
effect to the devise of the land, it was so admitted to
probate; and we assume, as being in the line of his
official duty, that it was caused by the plaintiff. This
was done in April, 1887; and assuming, as we should,
that he had observed his duties under the law of his
appointment in Illinois, we must treat this land as
accounted for by him in so far as any accounting would
be required in Illinois for land situated in Iowa. If
this conclusion is correct, it answers the claim of
appellant that because of the peculiar statute of Illinois,
whereby the bar of the statute does not apply as to
parts of an estate not inventoried or accounted for by
the executor, she is entitled to have the land in Iowa
applied to its payment. To our minds, if the land was
in Illinois, and thus treated, it should be regarded as
accounted for, so as to exempt it from the payment of
claims filed after the two years.

II. Appellant further urges that, independent
of the law of Illinois, as the administration was granted
here within five years from the death of Unangst,
and the claim is allowed in this state, it should
be paid from the land in question. The equities
of the case are against such conclusion, and we think
the law does not favor it. Jacob W. Unangst was
surety for his son, D. M. Unangst, on the note.
Had the note been filed within two years in Illinois,
it would have been paid, and the burden of payment
would have fallen on D. M. Unangst in the adjust-
ment of the estate. D. M. Unangst has received his
full share of the estate, and is now insolvent. If
the land in this estate is held subject to the payment
of the claims, the effect is to require Margaret A. Pol-

lock and her heirs to pay the debt of her brother from her portion of her father's estate, because of the neglect of Agnes Whan. The administrator in this state and in Illinois is the same person, and the administration here is peculiarly in aid of that in Illinois, under the provisions of our Code permitting an administrator in another state to be appointed in this state. Code, section 2368. The administrator here is such because he is the administrator there. Is he to be permitted to come here, and apply property of the estate to the payment of a debt to which it would not be applied if the property was in Illinois, and when the claimant and the principal estates are in Illinois? We think such a rule should not obtain. In view of the peculiar facts of the case, we think the action of the district court in denying a sale of the land is sustained by both equitable and legal considerations. AFFIRMED.