AMERICAN NAT. BANK OF OKLAHOMA v. GARLAND.  (No. 266–3489.)

(Commission of Appeals of Texas, Section B. Dec. 21, 1921.)

1. **Appeal and error** ⪚854(5)—**Correct judgment affirmed, notwithstanding erroneous reason.**

A judgment dismissing a suit for want of jurisdiction was properly affirmed by the Court of Civil Appeals, though the lower court did have jurisdiction, where plaintiff was not entitled to recover, so that the judgment on the whole case was right.

2. **Judgment** ⪚815—**Interlocutory where suit was continued as to one defendant.**

A judgment in a suit brought against three defendants which recited that the cause had been continued as to one defendant and allowed recovery by plaintiff against the other two is an interlocutory, and not a final, judgment.

3. **Judgment** ⪚815—**Only final judgments of other states have full faith and credit.**

Though a judgment rendered by competent court having jurisdiction in one state is conclusive in the courts of every other state, it is only a final judgment, and not a merely interlocutory decree or judgment, which is entitled to such full faith and credit.

4. **Evidence** ⪚35—**Laws of other state making judgment final must be proved.**

If the laws of the state in which a foreign judgment was rendered make that judgment final, though it would be only interlocutory in Texas, such laws must be proved, in a suit in Texas on the foreign judgment, to entitle that judgment to full faith and credit.

5. **New trial** ⪚101—**Printed statute of another state is not newly discovered evidence.**

The printed statute of the state in which the judgment in suit was rendered, which was at all times accessible on proper application, cannot be newly discovered evidence entitling a party to a new trial, since newly discovered evidence must be such as the party could not, by any reasonable degree of diligence, have obtained before the trial.

6. **Evidence** ⪚35 — **Foreign judgment construed according to state laws, in absence of proof of foreign laws.**

In a suit on a foreign judgment, where there was neither pleading nor proof that the laws of the state in which the judgment was rendered gave it any effect different from that it would have in Texas, it must be construed according to the laws of Texas.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by the American National Bank of Oklahoma against D. N. Garland. Judgment of the district court dismissing the suit was affirmed by the Court of Civil Appeals (220 S. W. 397), and plaintiff brings error. Affirmed.

Gaines & Corbett, of Bay City, for plaintiff in error.

J. W. Conger, of San Antonio, and W. E. Davant, of Bay City, for defendant in error.

HAMILTON, J. Plaintiff in error brought suit in the district court for Oklahoma county, state of Oklahoma, against D. N. Garland, J. C. Barr, and E. H. Perry, on a note made and executed by them payable to the bank for the principal sum of $5,000, interest and attorney's fees. The court's decree, dated April 1, 1915, omitting preliminaries, is as follows:

"For good cause shown the cause is continued as to defendant J. C. Barr.

"It is therefore by the court considered, ordered, adjudged, and decreed that plaintiff American National Bank, a corporation, have and recover judgment of and from defendants D. N. Garland and E. H. Perry in the sum of $6,125, with interest from April 1, 1915, at 10 per cent. per annum, together with 10 per cent. additional as attorney's fees and the costs of this action taxed in the sum of $——— to which judgment the defendants at the time excepted."

On December 6, 1918, the bank brought suit on the judgment, in the district court of Matagorda county, Tex., against D. N. Garland, alleging that Perry was a nonresident of the state of Texas and had no property known to the plaintiff subject to execution in Texas. A transcript of the judgment and proceedings in the Oklahoma district court, authenticated as required by section 905 of the Revised Civil Statutes of the United States (U. S. Comp. St. § 1519), was attached to and filed with the petition. Garland excepted to the petition on the ground that the judgment upon which the suit was based showed on its face that it was not a final judgment but only an interlocutory decree, and that it was a suit pending in the district court of Oklahoma county, Okl., of which the district court of Matagorda county; Tex., had no jurisdiction. No other attack was made by defendant on the jurisdiction of the court. After hearing all the pleadings and all the evidence the court dismissed the suit on the ground that it had no jurisdiction. Plaintiff appealed and the Court of Civil Appeals affirmed the judgment, not for the reason that the .trial court had no jurisdiction, but holding that the judgment upon which the suit was based was merely an interlocutory decree and not a final judgment, and therefore not embraced within the terms of the full faith and credit clause of the Constitution of the United States. 220 S. W. 397.

[1] As held by the Court of Civil Appeals, the trial court did have jurisdiction of the case, but it is not the practice of the Supreme Court to reverse a judgment of the district court or of the Court of Civil Appeals, if upon the whole case the judgment is right, although an erroneous reason may be assigned for entering it. The same practice is indulged in the Courts of Civil Appeals in their consideration of judgments of district courts. Therefore plaintiff in error's complaint at the action of the Court of Civil Appeals in affirming the judgment of the trial court, notwithstanding it held the trial court in error in its ground of dismissal, is without legal basis. Avery v. Poppér & Bro., 92 Tex. 337, 48 S. W. 572, 49 S. W. 219, 50 S. W. 122, 71 Am. St. Rep. 849; T. & P. Ry. Co. v. Purcell, 91 Tex. 585, 44 S. W. 1058.

[2] The judgment upon which the suit is based is not a final judgment according to the laws of Texas. There was no adjudication or final disposition as to the rights or liabilities of the defendant J. C. Barr. He is not dismissed from the suit, nor is it abated as to him, but the decree recites "for good cause shown the cause is continued as to defendant J. C. Barr."

"When the whole of the matter in controversy is finally disposed of, as to all the parties, then there is a final judgment, and not before, from which an appeal or writ of erorr can be taken." Martin v. Crow, 28 Tex. 614; Simpson v. Bennett, 42 Tex. 241.

[3] We are aware that a judgment rendered by a competent court, having jurisdiction in one state, is conclusive on the merits in the courts of every other state, when made the basis of an action, and that the merits cannot be reinvestigated. Our own Supreme Court so holds. Cook v. Thornhill, 13 Tex. 293, 65 Am. Dec. 63. But before such a judgment rendered in one state is entitled to acceptance in the courts of another state as conclusive on the merits, it must be a final judgment and not merely an interlocutory decree. Freeman on Judgments, § 575; Baugh v. Baugh, 4 Bibb. (Ky.) 556; Brinkley v. Brinkley, 50 N. Y. 184, 10 Am. Rep. 460; Griggs v. Becker, 87 Wis. 313, 58 N. W. 396.

"It is now held by all the state courts, following the lead of the federal decisions, that a judgment rendered by a competent court, having jurisdiction in one state, is conclusive on the merits in the courts of every other state, when made the basis of an action or defense, and the merits cannot be reinvestigated.

"In order, however, that a judgment rendered in one state should be accepted as conclusive on the merits in the courts of another state, it is necessary that it shall be a final judgment, not merely interlocutory, and that it shall be a valid and subsisting judgment in the state of its rendition, that is, not adjudged void, or vacated or reversed, nor superseded by an appeal; and that it shall have been given upon a trial of the action on the merits, except in cases of judgment by confession or upon default, which are just as conclusive as those rendered upon a trial. These conditions being met, the form of the judgment or the nature of the proceeding in which it was rendered is not generally material; and the rule applies as well to decrees in equity as to judgments at law." 23 Cyc. 1553–1555.

[4] Since the judgment upon which this suit is founded is not given the force and standing of a final judgment by the laws of this state and since it must have that standing either in this state or in Oklahoma, where it was rendered, before the courts of Texas are required to give it that full faith and credit required by the Constitution of the United States to be given .to final judgments of each state by the courts of all the other states, it is necessary to consider whether it was shown on the trial of this

case to be a final judgment according to the laws of Oklahoma.

"Whenever it becomes necessary for a court of one state, in order to give full faith and credit to a judgment rendered in another state, to ascertain the effect which it has in that state, the laws of that state must be proved, like any other matter of fact." Hanley v. Donoghue, 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535.

[5] No proof was offered, in the trial of this case, as to the effect the judgment sued on in this case has in the state of Oklahoma. In its motion for new trial and as ground for it, plaintiff in error alleged, among other things, that there had come to the knowledge of its attorneys, since the trial, section 5124 of the Revised Laws of Oklahoma, which is alleged in the motion to read as follows:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper."

The court overruled the motion for new trial, and we think the law fully sustains its action in doing so. To render newly discovered evidence good ground for granting a new trial it must, in fact, have been newly discovered, and such as the party could 'not by any reasonable degree of diligence have obtained before the trial. One cannot be heard to say that evidence is newly discovered when it consists of a statute printed and at all times accessible upon proper application, at any time before the trial. Vardeman v. Edwards, 21 Tex. 737; Harn iv. Phelps, 65 Tex. 597; Merrill v. Roberts, 78 Tex. 30, 14. S. W. 254.

[6] Since there was neither pleading nor proof, upon the trial of the case, that the laws of Oklahoma gave any effect to the judgment sued upon in this case different from that which the laws of this state give to it, that judgment must be construed according to the laws of Texas. If plaintiff in error had proved that the judgment had any force and effect in Oklahoma other than that which such a judgment has in Texas, it would have been entitled in the courts of this state to whatever force and effect might have been so proved.

"A judgment of a state court, in a cause within its jurisdiction, and against a defendant lawfully summoned, or against lawfully attached property of an absent defendant is entitled to as much force and effect against the person summoned or the property attached, when the question is presented for decision in a court of another state, as it has in the state in which it was rendered." Hanley v. Donoghue, supra.

But no proof was offered to show that the courts of Oklahoma construe the judgment sued on here in any manner different from the construction that would be given it by the courts of this state if it had been rendered by a court of this state. Such a judgment of a court of Texas would not be a final judgment but merely an interlocutory decree. Therefore the judgment of the district court of Oklahoma county, Okl., upon which this cause is founded must be held to be not a final judgment but merely an interlocutory decree; hence it is not embraced in full faith and credit clause of the Constitution of the United States.

Therefore we recommend that the judgment of the Court of Civil Appeals affirming the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.