Ronald V. OWENS, Respondent,

v.

ESTATE of Jessie P. SAVILLE, Deceased, Joe Beavers, Administrator, Appellant.

No. 51946.

Supreme Court of Missouri, Division No. 1.

Dec. 30, 1966.

Thomas J. Stephens, Jerold L. Drake, Stephens & Drake, Grant City, for respondent.

Roscoe E. Moulthrop, Bethany, George E. Flagg, Des Moines, Iowa, for appellant.

WELBORN, Commissioner.

Ronald V. Owens filed a claim against the estate of Jessie P. Saville, deceased, in the Probate Court of Worth County, Missouri, for $18,000 for personal services rendered by the claimant to the decedent. The probate court on its own motion transferred the claim to the circuit court. Upon trial, a jury returned a verdict in favor of the claimant for $18,000.00. The administrator of the decedent's estate has appealed.

Jessie P. Saville, a resident of Ringgold County, Iowa, died October 19, 1960. She left a will which was admitted to probate and in which Ronald V. Owens, the claimant here, was named executor. Owens, a resident of Iowa, was appointed and qualified as executor. The will made bequests of $1,000 to each of two churches and gave the remainder of the estate to a trustee upon a charitable trust for the benefit of eight specified institutions.

Mrs. Saville owned real estate in Kansas at the time of her death. Administration of the Kansas estate was begun in the Wichita County Probate Court, with a Kansas resident as administrator c. t. a. Subsequently

the Kansas administrator resigned and Owens was appointed administrator d. b. n. and executor by the Wichita County Probate Court. The Kansas administration was completed and Owens discharged as executor on March 1, 1963.

In excess of $100,000 was distributed to the trustee under the will. On October 26, 1963, the administration of the Iowa estate was completed and Owens discharged as executor upon a finding that all claims against the estate had been settled and paid.

In 1964, an account of Mrs. Saville in the Citizens Bank of Grant City, Missouri, with a balance of $13,146.04, was discovered. This account had not been administered in the Iowa Probate Court. Administration was begun in the Worth County Probate Court. Owens filed a claim for $18,000 for personal services rendered to the decedent between January, 1954, and October 19, 1960. At the trial, the administrator moved for a directed verdict on the grounds that the claimant's evidence showed that he administered the estate of the decedent in Iowa, that claimant was a resident of Iowa and filed no claim against the estate there and therefore his claim was barred. The trial court overruled the motion and the jury's verdict was in favor of the claimant for $18,000.00. After his motion for new trial had been overruled, the administrator appealed.

On this appeal, the administrator asserts that Owens's claim was barred under the circumstances here presented by reason of his failure to file his claim in the Iowa probate proceedings. The appellant's theory is that, as a resident of Iowa, Owens's claim in the Missouri administration depends upon the Iowa six-months' nonclaim statute (§ 635.68 Iowa Code). Since the claim would have been barred in Iowa when filed in Missouri, appellant contends that it was barred in the Missouri administration.

According to an annotation in 72 A.L.R. 1030, "several cases have discussed the question of whether a failure to present a claim against the domiciliary administration with-

in the required time is a bar to its presentation against the ancillary administration. The conclusions reached in those cases have not been in accord." 1. c. 1031. Among the cases holding that the claim is not barred in the ancillary administration are Lipperd v. Lipperd's Estate, 181 Mo.App. 106, 163 S.W. 934; Buckingham Hotel Company v. Kimberly, 138 Miss. 445, 103 So. 213; Wilson v. Hartford Fire Ins. Co., 164 F. 817, 90 C.C.A. 593, 19 L.R.A.,N.S., 553; Toner v. Conqueror Trust Co., 131 Kan. 651, 293 P. 745, 72 A.L.R. 1018. See also Hagan v. Lantry, 338 Mo. 161, 89 S.W.2d 522, 527–528 [3]; Borer v. Chapman, 119 U.S. 587, 7 S.Ct. 342, 30 L.Ed. 532.

This position is adopted in § 498 of the Restatement of Conflict of Laws, p. 604. The rule there stated is: "The time within which a claim can be proved in a state is fixed by the law of that state." Comment a is as follows:

"Failure to prove a claim in one state within the time there limited is immaterial to the proof of the claim in another state. Thus, a claim barred by the statute of limitations at the domicil of the decedent or elsewhere is not, because of this fact, barred in the local court in which ancillary administration proceedings are being conducted. If it is within the time allowed by the local law, it will be permitted. Conversely, although a claim is within the domiciliary limitation, it cannot be proved in ancillary administration if the time for filing there has elapsed."

Holding to the contrary are Durston v. Pollock, 91 Iowa 668, 60 N.W. 221; Harrison v. Stacy, 6 Robinson (La.) 15; Hunt v. Fay, 7 Vt. 170; Sanborn v. Perry, 86 Wis. 361, 56 N.W. 337; In re Smathers' Will, 153 Misc. 132, 274 N.Y.S. 717, 737–739 [31, 32].

Our statutes on estates of nonresidents, enacted in 1957, definitely fix the independent nature of the proceedings in this state. § 473.668, RSMo 1959, V.A.M.S., provides:

"Administration proceedings and other procedures in this state with respect to

property, tangible or intangible, of a nonresident decedent which is within the jurisdiction of this state are original proceedings or procedures conducted under the authority of this state solely, and are independent of and not ancillary to proceedings or procedures in any other state or country, and shall be had and conducted in this state as if the decedent were a resident, subject to and supplemented by the provisions in sections 473.671 to 473.694."

§ 473.675 provides in part:

"The law of this state respecting proceedings, procedures and substantive rights relating in any way to the property in this state of a nonresident decedent and its disposition, including by way of illustration, but not limited to, all matters relating to (i) the commencement and conduct of an administration, (ii) distributions during or at the conclusion of an administration, (iii) any trust created under the will of a nonresident decedent, shall apply as if the decedent had been a resident of this state, subject to the following: * * *." [None of the exceptions are here pertinent.]

■ The time for presentation of claims is certainly a matter "relating to * * * conduct of an administration * * *." We would be obliged to ignore the express legislative declaration that the "law of this state * * * shall apply * * *" if we look to the law of Iowa to determine whether the respondent's claim is to be barred by non-presentation there. In Buckingham Hotel Company v. Kimberly, supra, the Mississippi Supreme Court concluded that the independent nature of the administration there required a negative answer to the question posed in that case: "If a claim against the estate of a deceased testator be barred in the state of Missouri, the domicile, because it was not presented for allowance within the statutory time fixed by the probate laws of that state, and judgment is entered there accordingly, will the bar of the state of decedent's domicile preclude that creditor from having an administration

of the estate here in this state and presenting his claim for probate?" 103 So. 214.

Appellant, citing a note in 41 Iowa Law Rev., 271, 273, suggests that the correct answer to the question here is determined by the residence of the claimant. According to appellant, "all decisions available seem to suggest that when a claimant is also a resident of the domiciliary jurisdiction, the ancillary court will look to the non-claim act of the domiciliary state as the law to be applied." There is such a suggestion in Lipperd v. Lipperd's Estate, supra. In that case, the court stated (163 S.W. 938):

"It is argued that the account is barred by the statute of limitations of the state of Iowa, requiring demands against an estate to be filed within one year after publication of notice of the granting of letters of administration. The application of the Iowa statute depends upon the fact of residence of the plaintiff, and there is evidence that she had been a resident of Missouri ever since 1908 and was so at the time of this trial."

At the time of the Lipperd decision (1914), we had no statutory provision relating to nonresident estates such as now found in § 473.675, supra. Consequently, the court had some freedom in the choice of applicable law and chose to rely upon residence of the claimant as the basis for the choice. Now, however, the legislature has seen fit to prescribe the Missouri law as the generally applicable law. It has also seen fit to prescribe certain exceptions to the general applicability of Missouri law, but none of the exceptions apply to the problem here presented.

In cases from other jurisdictions, where the bar of the domiciliary statute was held applicable, the claimant was a resident of the domiciliary state. However, that does not appear to have been the determining factor. Thus, in Durston v. Pollock, supra, the claimant in the Iowa ancillary proceedings who was denied his claim because of the Illinois nonclaim statute was a resident of Illinois. However, the decision basically

rests upon equitable considerations unfavorable to the allowance of the claim in Iowa. In Hunt v. Fay, supra, nonresident claimants were held barred from presenting claims in Vermont ancillary proceedings. In Harrison v. Stacy, the court stated that the bar of the nonclaim statute in the domiciliary proceedings should be given effect "upon a well settled principle of international jurisprudence."

■ In our opinion, application of different rules to residents of Missouri and to residents of the domiciliary jurisdiction is not supported in principle and it certainly finds no basis in the statutory enactment which we must apply.

Appellant makes the further suggestion that our general "borrowing" statute, § 516.-190 RSMo 1959, V.A.M.S., makes the Iowa statute the governing law on the timeliness of Owens's claim. In Lipperd, supra, the court rejected the borrowing statute as inapplicable in the situation there presented. We have discovered one case in which a borrowing statute was applied to probate claims. In re Smathers' Will, 153 Misc. 132, 274 N.Y.S. 717, the New York borrowing statute was said to cause to be applied in administration proceedings in that state the California nonclaim statute, which, according to the court, California courts had treated as a "general statute of limitations."

■ In our opinion, our borrowing statute was intended to apply to generally recognized statutes of limitation. Although some courts, such as California (see Morrow v. Barker, 119 Cal. 65, 66, 51 P. 12, 13), do refer to the nonclaim statute as "statute of limitation," nonclaim statutes are more frequently considered not as statutes of limitations, but as enactments for facilitating the early settlement of estates. Sanders v. Merchants' State Bank of Centralia, 349 Ill. 547, 566, 182 N.E. 897; In re Peterson's Estate, 75 Wyo. 416, 296 P.2d 504; In re Lathers' Estate, 215 Wis. 151, 251 N.W. 466, 467–468 [1, 2], 254 N.W. 550; Johnson v.

Larson, 56 N.D. 207, 216 N.W. 895, 897 [3]. We agree with the conclusion in Lipperd that our borrowing statute was not intended to cause the nonclaim statute of the state in which a claim arose to become the applicable Missouri law upon presentation of such claim in Missouri probate proceedings.

Appellant also urges that Owens is estopped to assert his claim in the Missouri proceedings. This position is based upon the fact that Owens as executor published in the Iowa proceedings a notice to creditors, calling upon all creditors of the estate to make their claims, yet he failed to assert his claim in those proceedings. Appellant also points to the failure to assert a claim in the Kansas administration conducted by Owens. Appellant asserts that, by reason of the termination of both the Iowa and Kansas administrations without any known claims outstanding, the trustee to whom the estate was finally distributed had the right to assume that all claims against the estate had been paid.

■ A fundamental element of the doctrine of estoppel is action or inaction by the party seeking to raise an estoppel, to his detriment, in reliance upon the conduct or representation relied upon as the basis of estoppel. Emery v. Brown Shoe Co., Mo. Sup., 287 S.W.2d 761, 767 [5–7]; Klaar v. Lemperis, Mo.Sup., 303 S.W.2d 55, 59 [9, 10]; Commerce Trust Co. v. Weed, Mo. Sup., 318 S.W.2d 289, 303 [10, 11].

■ In this case, appellant points to no action which the trustee took in reliance upon the failure of Owens to assert his claim prior to discovery of the Missouri assets. Appellant points to no action which the trustee might have taken, except for its reliance upon Owens's failure to assert a claim in the prior proceedings. The only thing relied upon is that the trustee, rather than Owens, would receive the Missouri assets were Owens's claim disallowed. Any such loss to the trustee is in no manner related to Owens's failure to assert his

claim earlier. We find no basis for estoppel.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.