# Richmond.

GARLAND'S ADM'R V. GARLAND'S ADM'R ET ALS.

DECEMBER 1st, 1887.

Absent, Lewis, P.

JURISDICTION—*Administration in different states—Case at bar.*—In 1862, S. qualified in Virginia as administrator of S. G., and B. G. in Mississippi. After B. G.'s death, in 1859, W. G. qualified in Mississippi as his domiciliary executor, and M. in Virginia as his administrator *c. t. a.* In Mississippi W. G., as such executor, brought suit to settle the administration accounts of his testator as administrator of S. G. . The court ascertained the amount due, and decreed that the domiciliary executor should pay same to the Virginia administrator of S. G. And S., being unable to make the money, in Mississippi, and there being in Virginia, assets belonging to the estate of B. G., and M. his administrator *c. t. a.,* residing there, brought his suit in a Virginia court to enforce the Mississippi decree:

HELD:

 The Virginia court has jurisdiction to entertain the suit, as a decree against a domiciliary executor binds, and is enforcible against an administrator *c. t. a.* of the same decedent in any other jurisdiction.

Appeal from decree of circuit court of Lynchburg rendered December 5th, 1881, in a suit in chancery wherein John F. Slaughter, administrator *de bonis non,* with the will annexed, of Samuel Garland, Sr., deceased, is complainant, and Charles Y. Morriss, administrator with the will annexed of Burr Garland, deceased, and Mary Garland, his surety, are defendants. · The defendants demurred to the bill for want of jurisdiction in the

Virginia courts and for want of necessary parties. The circuit court sustained the demurrer and dismissed the bill for want of jurisdiction. The complainant obtained an appeal and *supersedeas.* Opinion states the case.

*J. A. Early, J. A. Jones, Kirkpatrick & Blackford, E. C. Burks* and *Diggs & Manson,* for the appellant.

*E. S. Brown* and *Wm. J. Robertson,* for the appellees.

1. A decree against the administrator of a decedent in one State cannot be enforced against another administrator of the decedent in another State. See *Tourton* v. *Flower,* 3 P. Wms., 369; *Aspen* v. *Nixon,* 4 How., 467; *Stacy* v. *Thrasher,* 6 How., 44; *Hill* v. *Tucker,* 13 How., 458; *Hill* v. *Meck,* 18 How., 16; *Brodie* v. *Polgreen,* 2 Rawle, 431; *Ela* v. *Edwards,* 13 Allen, 48.

2. A decree against a non-resident defendant, on whom there has been no personal service, and who has not appeared in the cause, is of no force or effect beyond the limits of the State where it is rendered. See *D'Arcy* v. *Ketchum,* 11 How., 165; *Board Pub. Works* v. *Colo. College,* 17 Wall., 521; *Knowles* v. *Gaslight,* 19 Wall., 58; *Oakley* v. *Aspinwall,* 4 N. Y., 513; *Bishop* v. *Withered,* 9 Wall., 812.

3. An administrator *de bonis non* cannot call a prior administrator to account for a *devastavit.* See *Cocke* v. *Harrison,* 3 Rand., 494; *Werner* v. *McMurdo,* 5 Rand., 51.

4. The transfer of the estate of a decedent to a foreign administrator depends on State comity, and the court has no jurisdiction to order it, unless the requirements of the statute authorizing it be complied with. See Mississippi Code of 1871; *Elliott* v. *Piersoll,* 1 Peters, 328; *Wilcox* v. *Jackson,* 13 Pet., 511; *Shiver* v. *Jackson,* 2 How., 203; *Lessee of Hickey* v. *Stewart,* 3 How., 750; *Williamson* v. *Berry,* 8 How., 495; *Thompson* v. *Whitman,* 18 Wall., 467; *Hollins* v. *Patterson,* 6 Leigh, 457;

Cox v. *Thomas*, 9 Gratt., 323; *Sagendorf* v. *Shult*, 41 Barbour, 102.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record that Samuel Garland, Sr., who was a citizen of Virginia and resident of Lynchburg, died there in 1861 seized and possessed of a large estate, real and personal, in Virginia, and also of a large estate, real and personal, in the State of Mississippi, the latter consisting of two large plantations called "*Barrens*" and "*Tudor Hall*," respectively, in hinds county, Mississippi, and a third large plantation in Coahoma county, Mississippi, and of slaves, farm-stock, and implements, provisions, furniture, and provender on the said three plantations needful for and used in their cultivation. The said Samuel Garland, Sr., left a will, disposing of all his estate in Mississippi, as well as in Virginia, and, in express terms, declaring that he did not intend to die intestate as to any part of his estate. He named and appointed in his will Charles R. Slaughter and Samuel Garland, Jr., both citizens of Virginia, to be executors of his will, and by whom he manifestly intended that his whole estate in both States should be administered. His will was duly proved and admitted to probate in the hustings court of the city of Lynchburg in December, 1861, and the two executors named therein successively qualified in Virginia as such, and both of them died on or before September, 1862. Whereupon the appellant, John F. Slaughter, a citizen of Virginia, qualified in Virginia as administrator *de bonis non c. t. a.* of the said Samuel Garland, Sr., deceased, in October, 1862; and he is now, and has been since December, 1862, the sole personal representative of said Samuel Garland, Sr., in Virginia. Neither of the said executors so named nor said John F. Slaughter ever qualified in Mississippi as personal representative of said testator, owing, probably, to the condition of war in which the country then was.

On the 6th of November, 1862, Burr Garland, a brother of the said testator, and a citizen of Mississippi and resident of Hinds county of that State, had admitted to probate in the probate court of Hinds county, Mississippi, an authenticated copy of the said will of the said Samuel Garland, Sr., deceased, and then and there was, by the said Hinds county court, appointed and qualified as administrator *c. t. a.* of said Samuel Garland, Sr., and he took possession of the entire estate, real and personal, in Mississippi. He continued as such administrator until December, 1869, when he died in Lynchburg, being on a visit to Virginia. During the period of his said administration he made two or more partial settlements, *ex parte*, of his accounts as administrator, and by the last of which, made but a short time before his death, he was indebted to the estate of the testator, Samuel Garland, Sr., in the sum of $6,545, as of December 9th, 1868. The said Burr Garland left a will, in which he named William H. Garland, a citizen and resident of Mississippi, as his executor. This will was duly admitted to probate in the probate court of Hinds county, Mississippi, in January, 1870, and the said William H. Garland then and there qualified as executor thereof.

The ninth clause of the will of Samuel Garland, Sr., deceased, is as follows: "My favorite brother, B. Garland, raised by me, and long a resident of Mississippi, is and has for a long time past, been embarrassed in debt by losses of trade in 1837, and liability as surety for others; it might be unsafe to devise property to him absolutely. I therefore set apart in trust, in the hands of my executors, for the benefit of my said brother, either of my plantations in Hinds county, called '*Barrens,*' or '*Tudor Hall,*' whichever he may choose, and forty slaves in families, say about twenty-five hands, balance head of families, children, and house servants, to be selected by him, with provender, house and kitchen furniture, plantation tools, &c., oxen, hogs, &c., to make a complete estate. The profits of the estate is set apart for his, B. Garland's, use under his *superin-*

*tendence.*   But neither the estate *or* profits shall be bound for his past debts or liabilities other than decent and comfortable support.   At his death, all the property in this clause is to pass to Charles Y. Morriss, in trust, to the separate use of his wife, Paulina B. Morriss, and her children."

The statute law of Mississippi peremptorily required the said William H. Garland, executor of Burr Garland, deceased, to make prompt and final settlement of the accounts of his said testator, as administrator, *c. t. a.* of Samuel Garland, Sr., deceased, as aforesaid; and in obedience to this requirement, the said William H. Garland, executor of the will of Burr Garland deceased, proceeded to make his final settlement of his testator's said administration account with the estate of Samuel Garland, Sr., deceased.   To this end, and to give this settlement a finality and judicial authority, which it could not have, if made *ex parte* only, he invoked the aid of the proper court of equity; and filed his petition in 1872, as executor of Burr Garland, deceased, in the chancery court of the second district of Hinds county, Mississippi, (which had succeeded to the jurisdiction of the probate court) praying that court to make final settlement of the accounts of his testator, Burr Garland, as administrator, *c. t. a.* of Samuel Garland, Sr., deceased—filing as a part of his petition, a copy of said Samuel Garland's will; and giving the names and address of all parties interested in said settlement and under said will, praying that they be made parties to the proceeding; and among these parties were the appellees, Charles Y. Morriss, trustee of his wife and children, said Paulina B. Morris, and said Mary L. Garland.   Publication was ordered and duly made against each of said parties, and in addition, the clerk of the said court mailed to each of them a certified copy of the said order and publication; and among others, to the said Morriss, trustee, and Paulina B. Morriss, and Mary L. Garland; and there is no denial that the same were received by them; nor any intimation that they were not received.

This proceeding by the said executor of Burr Garland, deceased, progressed in the said court from 1872 until 26th of February, 1874. No one appeared, in person or by counsel, except the executor of Burr Garland and the appellant, John F. Slaughter, in his own right, and as administrator *d. b. n. c. t. a.* of Samuel Garland, Sr., deceased. Burr Garland's executor presented his statement of accounts. There were exceptions, which were fully argued and considered by the court, and some sustained and some overruled. There was a reference to a master for a restatement in accordance with the rulings of the court. There was a report of such restatement by the master, and no exceptions to it. Whereupon the court, on the 26th of February, 1874, by its decree in the said proceedings, says that the said account of Burr Garland, as administrator of Samuel Garland, deceased, was submitted to it by Burr Garland's executor for final settlement, and the same had been excepted to and restated, and said restatement not excepted to. That the said restated account is in strict accordance with the former decree of the court, is correctly stated in all respects, and exhibits a balance due from said Burr Garland, as administrator of Samuel Garland, Sr., deceased, of $64,130 88; and it finally ordered, adjudged, and decreed that the said restated account be ratified and confirmed as a *final settlement*, and be recorded as such as part of the record of this administration; that William H. Garland, as executor of Burr Garland, deceased, pay the said ascertained sum of $64,130 88 to the legal representative, or representatives, of the said Samuel Garland, Sr., deceased, in Virginia, to be by the said legal representative, or representatives, paid over to the person, or persons, entitled to receive it under S. Garland, Sr.'s, will; and the estate of Burr Garland, real and personal, stand and be chargeable with such payment of said money so due by said Burr Garland. Burr Garland died wholly insolvent in Mississippi, and payment of this indebtedness could not be obtained in Mississippi, as he left no assets there.

It appears further that, when Burr Garland died in Virginia, in December, 1869, there was the sum of $1,421 52, then in the hands of John T. Murrell, in Lynchburg, Virginia, which was the remains of a sum of money said Burr Garland had deposited with him, *on call,* and subject to his, Burr Garland's, order. And it appeared also that, when Burr Garland so died in Virginia, he was in possession in Virginia of certain papers importing absolute conveyance or assignments to him by certain legatees of the said Samuel Garland, Sr., of their demands on said Samuel Garland, Sr.'s estate for legacies given to them in his will. These assigning legatees were children of Nicholas Garland, a brother of the testator.

Charles Y. Morriss, who, as beforesaid, had qualified in Virginia as administrator *c. t. a.* of Burr Garland, deceased, filed a petition, for his benefit as such administrator, in the suit of Garland v. Garland pending in the circuit court of the city of Lynchburg, claiming that Burr Garland had acquired, by purchase and assignment, the legacies left by Samuel Garland, Sr.'s will to the children of Nicholas Garland, and praying for a decree directing appellant, J. F. Slaughter, administrator of Samuel Garland, Sr., deceased, to pay to him, the petitioner, as administrator of Burr Garland, the full amount of said legacies. At this juncture Slaughter, administrator *c. t. a.* of Samuel Garland, Sr., deceased, (and appellant here) being unable to obtain payment in Mississippi of the ascertained and adjudged indebtedness of Burr Garland to the estate of his testator, Samuel Garland, Sr.; and, in order to protect the estate of his testator from the claim asserted against it by the petition of Charles Y. Morriss, filed in the suit of *Garland* v. *Garland,* and it being impossible adequately to so protect it by a simple answer to the said petition of Charles Y. Morriss, administrator of Burr Garland (which was lost from the papers in the cause), filed his bill in chancery in the circuit court of Lynchburg against the said Charles Y. Morriss, administrator of

Burr Garland, deceased, and his surety, setting up, among other things, the Mississippi decree against the Mississippi executor of Burr Garland (still wholly unpaid) as an offset or defence against the claim asserted in the petition, and exhibiting as part of the bill the entire record of the proceedings in the Mississippi court, charging assets in the hands of the administrator, Morriss, of the debtor Burr Garland, and *praying for discovery* by the said administrator, and for the application, *pro tanto*, of the said assets to the said indebtedness of Burr Garland to the estate of his testator, Samuel Garland, Sr.

To this bill the appellee demurred and answered. He demurred, first, for want of jurisdiction in the Virginia court; second, for want of necessary parties. The answer sets up the main defence, that respondent is not bound by the decree of the Mississippi court in a proceeding to which he was not a party as administrator; that as administrator of Burr Garland in Virginia, he cannot be held liable for Burr Garland's *devastavit* as Mississippi executor of Samuel Garland, Sr.; that neither he as trustee for P. B. Morriss, nor said P. B. Morriss, is bound by the said decree and settlement in Mississippi, because there was no personal service on them; that the stock on the "Tudor Hall" farm remaining at the death of Burr Garland, and the surplus profits of that farm, after deducting a decent support for Burr Garland, passed to Charles Y. Morriss, trustee for P. B. Morriss, as residuary legatee in the will of Samuel Garland, Sr.; and that the assets in the hands of Burr Garland's administrator, the said C. Y. Morriss, should be applied to and belong to the said P. B. Morriss as part of her legacy.

Upon the hearing, the circuit court without in so many words sustaining the demurrer, dismissed the bill with costs solely for want of *any right of action* in the appellant, alleging as the ground of its action that the complainant, as administrator of Samuel Garland in Virginia, could not hold the Vir-

ginia administrator of Burr Garland to account to him for a *devastavit* of Burr Garland as administrator of Samuel Garland in Mississippi.

This is not a suit against the *administrator* of a decedent of one State to enforce against him a judgment or decree recovered against a different *administrator of the same decedent* in another State. The decree sought to be enforced was not a decree against an administrator—it is a decree obtained against Burr Garland's executor in Mississippi; and the object of the bill is to enforce that decree against the Virginia administrator *with the will annexed* of Burr Garland. Substantially and virtually in law, the bill is to enforce against Burr Garland's Virginia executor (C. Y. Morriss, administrator *c. t. a.,*) a decree previously obtained against Burr Garland's Mississippi executor. An administrator with the will annexed is substantially the same as the executor named in the will; and he has the same powers and is subject to the same duties and liabilities. Between *executors* of the same decedent in different jurisdictions, there is a privity derived from or through the will of the testator, and a judgment or decree against either is evidence against the other, and may be enforced against each, (see *Hill* v. *Tucker*, 13 Howard, 458,) and is sufficient to ground a suit or action on against either executor. An administrator with the will annexed is, in legal contemplation, executor of that will, and a decree against a domiciliary executor binds every executor of the same will in every jurisdiction.

The basis and corner stone of the appellant's bill is the decree of the Mississippi court, and the settlement made there, ascertaining the indebtedness of Burr Garland to the estate of appellant's testator, and putting the same under control of appellant for distribution, in Virginia, to those entitled under the will of Samuel Garland, Sr. The decree of the Mississippi court ordering the ancillary administrator, *c. t. a.* to pay, and putting him under a legal obligation to pay over an ascertained and adjudged indebtedness of Burr Garland, to the

domiciliary administrator, *c. t. a.* of Samuel Garland, Sr., enables the latter to sue the former in Mississippi, for the amount decreed; for " where any one is under legal obligation to pay, the law will imply a promise;" (Robinson's Practice, new ed., 188–9) and as he might be sued in Mississippi both by the express statue of that State, and by the international law, so he might be, if caught in Virginia, under the constitution of the United States requiring that " full faith and credit shall be given "—in Virginia—" to the judicial proceedings of every other State "—to the decrees of the courts of Mississippi. 1 Rob. P., new edition, p. 217.

As evidence of an ascertained indebtedness, this decree of the Mississippi court must be taken as final and conclusive in any court of any State. In matters of local character, exclusively within the cognizance and jurisdiction of the courts of any State—such as the accounts of personal representatives and the administration of assets of decedents within the jurisdiction of that State, no other State courts can consider, or settle, or revise, or reverse the settlement made by a State court of competent jurisdiction over the subject matter and the parties. The decree of the Mississippi court must be accepted as final and conclusive evidence of the fact and amount of indebtedness by Burr Garland, the Mississippi administrator of Samuel Garland, to Samuel Garland's estate. It did not undertake to distribute it, nor to determine who are entitled to receive it under Samuel Garland's will, but decreed it to be paid over to the Virginia domiciliary executor, to be by him distributed to those entitled according to the declared intention of the testator. And this is in accordance to well recognized and every day practice, to the end that there may be one homogeneous administration, and that the creditors and legatees may get their dues without pursuing two representatives in different jurisdictions.

The appellant is competent to prosecute this debt due his testator's estate by the authority of the Virginia court appoint-

ing him, and by the decree of the Mississippi court he has a right of action, and the circuit court of Lynchburg erred in dismissing his bill for want of it.    The fact and the amount of the debt of Burr Garland, administrator *c. t. a.* of S. Garland's estate, having been finally and judicially ascertained, appellant had a right to be entertained in the equity court at once, and to have discovery of assets and proper account.    Appellee, as administrator of Burr Garland in Virginia, was not entitled to notice of the proceedings in Mississippi to settle the Mississippi account of Burr Garland's administration of S. Garland's estate in Mississippi; but, in fact, he and Morriss' trustee, and Paulina B. Morriss were all made parties and were duly summoned by *publication*, and by mail, withal.    If no settlement were final until parties interested and living out of the State were *personally served* with process, there could be no final settlement of any estate as to legatees and distributees living out of the State where the account has to be settled.

The circuit court erred in dismissing the complainant's bill, and the decree complained of is erroneous, and is reversed and annulled, with costs to the appellant; but without prejudice to to any right of action which Paulina B. Morriss may have in this or in an independent suit; and the cause will be remanded to the circuit court with leave to the appellant to re-instate his bill, or to amend and make all parties deemed requisite.

DECREE REVERSED.