## REAL ESTATE CORP. OF NEW YORK CITY v. HARPER.

(Supreme Court, Appellate Division, First Department.   March 7, 1902.)

COVENANTS AGAINST INCUMBRANCES—ASSESSMENTS—TIME OF BECOMING A LIEN
UPON THE PROPERTY.

Under Greater New York Charter, §§ 159, 1017, declaring that assessments for local improvements shall become a lien upon the property affected 10 days after the entry of the same in the record provided for; and section 986, providing that, on an application for the confirmation of a report of the commissioners, the supreme court may confirm the· report, or refer the matter back until a report shall be "wholly confirmed," and when so confirmed it shall, unless set aside or reversed on appeal, be conclusive upon the owners of the property affected,—a covenant against incumbrances is not breached by an assessment levied upon the property, but not "wholly confirmed" and entered in the record of assessments until after the conveyance, though the proceedings to levy the assessment were begun prior thereto.

Van Brunt, P. J., dissenting.

Submission of controversy by the Real Estate Corporation of New York City against J. Henry Harper, as executor of the will of Mary S. Hoe, deceased.   Judgment for defendant.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Francis B. Chedsey, for plaintiff.
Robert E. Deyo, for defendant.

McLAUGHLIN, J.   The question here presented comes before· the court upon a submission under section 1279 of the Code of Civil Procedure.   Upon the facts contained in the submission, plaintiff seeks to recover from the defendant $3,868.87, with interest at the· rate of 4 per cent. per annum from December 3, 1900, which sum it paid on that date in discharge of an assessment for benefits imposed on certain real estate in the city of New York conveyed to it by the· defendant's testatrix on the 23d of January, 1900, by a deed which contained a covenant to the effect that the premises conveyed were free· from incumbrances.   The plaintiff predicates its right to recover upon the ground that there has been a breach of that covenant, inasmuch as the assessment was at the time of the delivery of the deed a valid and subsisting lien upon the land conveyed.   The defendant claims that there has been no breach of this covenant, since the assessment did not become a lien until several months after the plaintiff acquired title to such land.   The facts upon which the claims of the respective parties depend are as follows:   In August, 1895, proceedings were taken by the city of New York for the opening of Whittier street. The defendant's testatrix appeared in the proceeding in December, 1897, and filed objections to the preliminary report of assessments made by the commissioners of estimate and assessment.   On the 24th of December, 1897, the commissioners made their report, in which the land subsequently conveyed by the defendant's testatrix to the plaintiff was assessed in her name for benefit in the sum of $3,868.87, and a few days later the report of the commissioners was presented to the supreme court, and on the 25th of February, 1898, an order was made·

confirming such report in respect to the award for damages, but referring the same back to the commissioners, with directions to apportion between two lots, as indicated upon a certain map (lots 14 and 16), a sum which had been assessed against them jointly in the name of one owner (it having been made to appear that these lots had different owners), and also to make all assessments for benefit in no case more than one-half of the valuation of the property assessed, as valued for purposes of taxation for the year 1896. The city appealed to the appellate division from only that portion of the order directing the commissioners to follow the tax valuation of 1896 in determining the assessments for benefit, and this was the only appeal taken. On the 8th of December, 1899, the appellate division reversed so much of the order as was appealed from, and ordered that in all other respects the report of the commissioners be confirmed. From this order an appeal by a property owner was taken to the court of appeals, where the same, on the 1st of May, 1900, was affirmed, and on the 14th of the same month the order of the court of appeals was made the order of the supreme court. On the 18th of July, 1900, the commissioners made an "amended and supplementary" report to the supreme court, in which, after reciting all the proceedings theretofore taken, including the appeals, it was stated that the commissioners had apportioned, as indicated in their report, the assessment upon lots 14 and 16 between the different owners thereof, and had also, at the request of parties interested in other lots, made similar apportionments as indicated, and that "in all other matters our report herein made by us, and dated the 24th of December, 1897, is in all respects unchanged." This report, on the 15th of August following, was confirmed by an order of the supreme court; and on the 4th of October, 1900, the lists of assessments were for the first time entered with the collector of assessments and arrears in pursuance of the statute, which provides that there shall be kept a full and complete record in detail of all the lists of assessments confirmed, and the assessment shall become a lien upon the real estate affected thereby 10 days after its entry in said record. Sections 159, 1017, Greater New York Charter. The statute further provides that on an application for the confirmation of a report of commissioners, etc., the supreme court may confirm the report, or refer the matter back to the commissioners, as justice shall require, and this may be done from time to time until a report shall be made in the premises which the said court shall wholly confirm, and such report, when so confirmed, shall, unless set aside or reversed on appeal, "be final and conclusive, as well upon the city of New York as upon the owners, lessees, persons and parties interested and entitled to the lands, * * * mentioned in said report, and also upon all persons whatsoever." Section 986, Id.

Upon the foregoing facts, and under the provisions of the statute referred to, was there a valid and subsisting lien upon the land conveyed at the time of the delivery of the deed to the plaintiff? We think there was not. There was no lien upon this land for benefit until the report of the commissioners had been wholly confirmed. This is necessarily so, because the statute in relation to the subject so provides. The report had not been wholly confirmed at the time

the deed was delivered, and manifestly could not be until after the commissioners had made a report concerning that part of the matters which had been sent back to them, and from which no appeal had been taken, and that report had been confirmed by the court. The order of the appellate division reversing the order of the special term, and providing that the report of the commissioners was confirmed, did not and could not affect the report which had been sent back to the commissioners, but which had not been questioned or appealed from by anybody. That portion of the order referring the matter back to the commissioners, from which no appeal had been taken, was not before the appellate division, and therefore it had no power either to reverse, modify, or confirm it. It having been made to appear when the report of the commissioners was first presented that the assessments made upon lots 14 and 16 (which did not include any part of the land conveyed to the plaintiff) should be apportioned between the different owners of those lots, the court could do nothing, under the statute, except to refer the matter back for correction; and, until the commissioners had made the correction and submitted their report, there could be no such thing as the report being wholly confirmed, and there could not be a lien until that had been done. The report was not wholly confirmed until the 15th of August, 1900. The deed was delivered to the plaintiff on the 23d of January, 1900. The assessment paid by the plaintiff was not a lien upon the land at the time of the conveyance, and therefore there has been no breach of the covenant against incumbrances.

The defendant is entitled, under the stipulation, to a judgment to this effect, with costs.

O'BRIEN, INGRAHAM, and HATCH, JJ., concur.

VAN BRUNT, P. J. I dissent. The submission is entirely irregular in form. Questions are submitted to the court, and, as the court answers those questions, then a certain judgment is to be given. There is no authority for a submission of questions to the court. The facts are submitted to the court. It may be proper for the plaintiff to state what judgment he demands upon those facts, and also for the defendant to state what claims he makes upon those facts; but the court is to award any judgment which such facts warrant, and this right cannot be limited.