## WILSON v. HARTFORD FIRE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. November 2, 1908.)

### No. 2,789.

1. EXECUTORS AND ADMINISTRATORS (§ 521*) — APPOINTMENT — DIFFERENT STATES—NO PRIVITY BETWEEN.

There is no privity between the executors of the will of a decedent appointed in one state and an administrator with the same will annexed appointed in another state, nor between the administrators of the estate of an intestate appointed in different states.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2326; Dec. Dig. § 521.*]

2. EXECUTORS AND ADMINISTRATORS (§ 521*)—ESTOPPELS IN ONE STATE INEFFECTUAL IN ANOTHER.

Estoppels in favor of or against such executors or administrators in one state, by judgments or by the administration statutes of limitation of that state, do not bind or affect an administrator with the will annexed, or an administrator of an intestate appointed in another state, or a claimant against such representatives.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2326; Dec. Dig. § 521.*]

3. EXECUTORS AND ADMINISTRATORS (§ 521*)— DOMICILIARY ADMINISTRATION DOES NOT GOVERN ADMINISTRATION IN ANOTHER STATE.

Administration in the state of the domicile of the decedent does not govern the administration of the property of a decedent in any other state.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2326; Dec. Dig. § 521.*]

4. EXECUTORS AND ADMINISTRATORS (§ 521*)—CLAIM BARRED BY ADMINISTRATION STATUTES IN ONE STATE NOT THEREBY BARRED IN ANOTHER.

A claim against the estate of a decedent in the hands of an administrator with the will annexed in one state is not barred because it was not presented and has become barred against the estate of the decedent in the hands of the domiciliary executors of the same will in another state.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2326; Dec. Dig. § 521.*]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Kansas.

Charles Blood Smith (John E. Hessin, W. H. Rossington, and W. R. Smith, on the brief), for plaintiff in error.

Charles C. Arnold, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. Is a claim against the estate of a deceased testator which is barred in the state of his domicile because it was not presented for allowance within the time fixed therefor by the administration statutes of that state thereby barred in another state in which an administrator with the will annexed is proceeding to administer upon property of the testator in the latter state? The court be-

low answered this question in the negative, and this ruling is assigned as error.

Charles P. Dewey, a resident of the state of Illinois, made a will by which he appointed Chauncey Dewey and Charles T. Killen its executors, and on June 10, 1904, he died, owing the Hartford Fire Insurance Company, a corporation of the state of Connecticut, $21,500 and some interest. His will was proved in the probate court of Cook county, the executors qualified therein, and such proceedings were had that the time within which, under the administration statutes of Illinois, such a claim could be presented for allowance against the estate, expired without any presentation of the claim. The laws of Illinois provided that in such a case claims not presented should be forever barred. Meanwhile the defendant below, Clyde Wilson, had been appointed administrator with the will annexed of the estate of Dewey in the state of Kansas by the probate court of Riley county in that state, and he was proceeding to administer upon the property of the deceased therein. After the time to present its claim for allowance in Illinois had expired, and before the time for its presentation in Kansas, in accordance with the terms of the administration statutes of that state, had run, the insurance company brought an action in the court below against the Kansas administrator to recover the amount of its claim out of the property of the deceased in that state. The contention of counsel for the administrator is that the claim of the insurance company is barred in Illinois, that the estate of the testator is governed by the laws of that state because it was the state of his domicile, that there is a privity between the Illinois executors and the Kansas administrator, and that as the claim is barred against the former it is also barred as against the latter. But the property of the estate which is situated in Kansas is not controlled nor is its administration or distribution governed by the laws of the domicile of the testator. The laws of Illinois have no extraterritorial force, and they are powerless in the state of Kansas. The property of the estate of the testator in that state is subject to and it must be administered and distributed in accordance with the laws of the state of its situs. Under the statutes of Kansas the property of deceased persons in that state, whether they were residents or nonresidents, is subject to the payment of their debts due to citizens of other states to the same extent as it is to the payment of those owing to its own citizens (Gen. St. Kan. 1901, §§ 2825, 2891, 2893, 2907, 2503), and there is a law of that state which reads:

"When administration shall be granted in this state on the estate of any person who at the time of his decease was an inhabitant of any other state or country, such estate shall be administered and distributed according to the laws of this state; and the balance in the hands of the administrator on final settlement, to which the foreign executor or administrator of said deceased may be entitled, shall be paid over to such foreign executor or administrator upon the order of the court."

The effect of this legislation is that the application of the Kansas property of a deceased nonresident of that state, whether testate or intestate, to the payment of his debts, is governed exclusively by the laws of Kansas, and the laws of his domicile can have no effect upon any part of that property until those debts have been ascertained and

paid. The only part of the Kansas property upon which the statutes of the domicile of this decedent may have effect is the residue after the payment of the debts, and upon that, not because of the force of the laws of Illinois, but because the statute of Kansas permits that residue to be sent to the foreign executor or administrator by the express provision of section 2980. Thus it conclusively appears that the administration and distribution of the Kansas property of deceased nonresidents is governed by the laws of Kansas, and not by the laws of their domicile.

Is there such a privity between the domiciliary executors of the will of a deceased person and the administrator with the will annexed of the property of such a person in another state that a bar of a claim against the former bars it against the latter? Section 4450 of the General Statutes of Kansas of 1901 reads:

"Where the cause of action has arisen in another state or country, between non-residents of this state, and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action maintained thereon in this state."

But has the cause of action which the insurance company here presses arisen in another state or country? A proceeding in a probate court to administer upon the estate of a deceased person is a proceeding in rem, not in personam. The property within the jurisdiction of the court is the defendant, the executor or administrator is its representative, and all claiming any interest in that property under the deceased are parties to the proceeding. Grignon's Lessee v. Astor, 2 How. 319, 337, 11 L. Ed. 283; Sheldon's Lessee v. Newton, 3 Ohio St. 494, 503. The probate court of Illinois and the executors which it appointed had no jurisdiction to administer or to distribute any property beyond the limits of that state, because the statutes which gave them their authority were ineffective beyond its boundaries. The property of the estate of the deceased in that state, and that alone, therefore, was the defendant, and the executors represented no other. In the proceeding in Kansas the real defendant is the property of the estate of the decedent in that state, and the administrator with the will annexed is the representative of that property and of no other. In other words, the defendant in the administration in Illinois was the property of the deceased in that state, which alone the executors represented, and not the property of the estate in Kansas; and the defendant in the administration in Kansas is the property of the deceased in that state, which alone the administrator with the will annexed represents. Now, no cause of action against the deceased arose in his lifetime, because his obligations to the insurance company did not mature until after his death. No cause of action against his property in Kansas, the only defendant in the instant suit, arose after his death either in the state of Illinois or in any other jurisdiction outside of the state of Kansas, because no court or officer beyond the limits of Kansas ever had any jurisdiction to adjudge or enforce any such cause. The only cause of action, therefore, which was barred by the failure of the insurance company to present its claim in due time in Illinois was its cause of action against the property of the deceased

in that state. That cause of action never existed, and never was judicable in Kansas, so that in the state of Kansas the bar of the Illinois administration statutes in no way affected it. The insurance company's cause of action against the property of the estate of the deceased in Kansas never existed and never was judicable in the state of Illinois, and the bar of its cause of action against the property of the estate of the deceased in Illinois by the administration statutes of that state in no way limited or affected its cause of action against the property of the estate of the deceased in Kansas.

But counsel say that the administrator with the will annexed appointed in Kansas is in privity with the executors appointed in Illinois, and, as the insurance company is estopped by the statute of limitations of Illinois from enforcing its claim against the former, it is also estopped from enforcing it against the latter. "The term 'privity' denotes mutual or successive relationship to the same rights of property." Greenleaf on Evidence (16th Ed.) § 189. Lord Coke divides privies into three classes—privies in estate, privies in law, and privies in blood. The only principle upon which the doctrine of estoppel applies to one party because of his privity with another is that the party claiming through another is estopped by that which estopped that other respecting the same subject-matter. Thus the executors and the administrator with the will annexed are in privity with the testator, and are estopped by judgments and prescriptions that prevail for or against him, because they each derived the property they are respectively administering from him. But there is no privity between the Illinois executors and the Kansas administrator, because none of the property which the latter is administering was derived from the former, and none of the property which the former is administering was derived from the latter, so that an estoppel against or in favor of the latter does not relate to the same subject-matter with which the former is dealing, and they are not privies in estate. They received their authority from different sovereignties over different property, they are accountable to different courts which are acting under different laws, the authority of the executors is paramount and that of the administrator is nothing in Illinois, the authority of the administrator is paramount and the executors are without authority in Kansas, hence they are not privies in law. They are certainly not privies in blood, and the result is that they are not privies at all. The suggestion that in some incomprehensible way the domiciliary administration in Illinois is so primary and that in Kansas so ancillary that an estoppel of a claimant to urge his demand in the former proceeding estops him in the latter is not tenable. Under the statutes of Kansas, to which we have adverted, the administration in that state can never become ancillary to that in Illinois until the probate court in Kansas has fully paid out of the property of the estate in that state all the claims there presented and allowed, and has ordered the residue to be sent to the executors in Illinois under section 2980, Kan. St. 1901, and then it will become ancillary only to the extent of that residue. Until that order is made the administration in Kansas is independent of and co-ordinate with that in Illinois, and estoppels between the creditors and the representatives of the property of the estate in one jurisdiction

are ineffectual for or against the representatives of the property of the estate in the other.

In Aspden v. Nixon, 4 How. 467, 468, 497, 498, 11 L. Ed. 1059, Henry Nixon, one of the executors named in the will of Matthias Aspden, a resident of England, proved the will and qualified as executor in England and in the state of Pennsylvania. He died, and successory executors were appointed, one in England and one in Pennsylvania. Administrators of the estate of John Aspden sued the executor in England for the property of the estate of Matthias, and the High Court of Chancery dismissed their bill. The Pennsylvania administrator of the estate of John then sued the Pennsylvania executor of the estate of Matthias for the property of the estate upon the same ground of action. The executor pleaded res adjudicata, but the Supreme Court overruled the plea on the ground that the property involved and the representatives of the estates in the two jurisdictions differed and there was no privity between them.

In Hill v. Tucker, 13 How. 458, 461, 467, 14 L. Ed. 223, the testator, a resident of Virginia, named three executors in his will, two of whom qualified in Virginia and one in Louisiana. A claimant against his estate recovered a judgment against the Virginia executors as such, and relied upon it to sustain an action in Louisiana against the executor in that state. The Supreme Court said, "Notwithstanding the privity that there is between executors of a testator, we do not think that a judgment obtained against one of several executors would be conclusive of the demand against another executor, qualified in a different state from that in which the judgment was rendered," but added that under the rule in the state courts of Louisiana (Jackson v. Tiernan, 15 La. 485) such a judgment was admissible in evidence to meet the plea of prescription.

In Borer v. Chapman, 119 U. S 587, 590, 591, 598, 599, 7 Sup. Ct. 342, 30 L. Ed. 532, a testator who resided in Minnesota, but the bulk of whose property was situated in California, named two executors in his will, one a resident of Minnesota, the other a resident of California. The will was proved in each state. The Minnesota executor accepted the trust in that state, but notice to creditors was not published and claims against the estate in Minnesota were not barred in accordance with its administration statutes. The California executor qualified in his state, notice to creditors was there published, all claims not presented were barred under the provisions of the statutes of California, the estate in that state was fully administered, and the executor was discharged. An action at law was brought in the state of Minnesota against the Minnesota executor upon a claim which had not been presented in California and which was barred under the administration statutes of that state, and the defendant pleaded that the cause of action was barred in Minnesota by virtue of the administration in California, but the Supreme Court sustained a judgment for the claimant, and said:

"If he had chosen, he could have proven his claim there and obtained judgment; but he had the right to await the result of the settlement of that administration, and look to such assets of Gordon as he could subsequently

find in Minnesota, whether originally found there or brought there from California by the executors or legatees of Gordon's estate."

In Brown v. Fletcher, 210 U. S. 82, 28 Sup. Ct. 702, 704, 705, 52 L. Ed. 966, Fletcher, a resident of Michigan, died testate, leaving a suit pending against him in Massachusetts and property in that state worth about $300. His will was proved and the executors qualified in Michigan, and an administrator with the will annexed was appointed in Massachusetts. The suit was revived against this administrator, and resulted in a decree against him for more than $400,000. This decree of the Massachusetts court was filed in the probate court in Michigan as evidence of a claim against the estate of Fletcher in that state, upon the ground that the executors in Michigan were in such privity with the administrator with the will annexed in Massachusetts that a decree against the latter was conclusive evidence of the debt against the former; but the Supreme Court held that there was no privity between them, and that an estoppel of the administrator with the will annexed in one jurisdiction constituted no estoppel of the executors of the will in another state. The converse of this proposition is equally true, and our conclusions are: There is no privity between the executors of the will of a decedent appointed in one state and an administrator with the same will annexed appointed in another state, nor between administrators of the estate of the same decedent appointed in different states. Estoppels in favor of or against such executors or administrators in one state by judgments or by the administration statutes of limitation of that state do not bind or affect an administrator with the will annexed, or an administrator appointed in another state, or a claimant against such representatives. Administration in the state of the domicile of the decedent does not govern the administration of the property of the decedent in any other state, and a claim against the estate of the decedent in the hands of an administrator with the will annexed in one state is not barred because it was not presented and has become barred against the estate of the decedent in the hands of the domiciliary executors of the same will in another state. Vaughan v. Northup, 15 Pet. 1, 5, 10 L. Ed. 639; Aspden v. Nixon, 4 How. 466, 468, 497, 498, 11 L. Ed. 1059; Stacy v. Thrasher, 6 How. 44, 58, 60, 12 L. Ed. 337; Hill v. Tucker, 13 How. 458, 461, 467, 14 L. Ed. 223; McLean v. Meek, 18 How. 16, 17, 18, 15 L. Ed. 277; Borer v. Chapman, 119 U. S. 587, 590, 591, 598, 599, 7 Sup. Ct. 342, 30 L. Ed. 532; Johnson v. Powers, 139 U. S. 156, 157, 158, 159, 11 Sup. Ct. 525, 35 L. Ed. 112; Brown v. Fletcher, 210 U. S. 82, 28 Sup. Ct. 702, 704, 705, 52 L. Ed. 966.

Counsel for the plaintiff in error have cited opinions of courts of eminent ability that are not in accord with these propositions. Sanborn v. Perry, 86 Wis. 361, 56 N. W. 337; Latine v. Clements, 3 Ga. 426; Hunt v. Fay, 7 Vt. 170; Baldwin v. Rice, 44 Misc. Rep. 64, 89 N. Y. Supp. 738; Durston v. Pollock, 91 Iowa, 668, 60 N. W. 221; Harrison v. Stacy, Adm'r, 6 Rob. (La.) 15. These decisions have been thoughtfully considered, but the more cogent reasons and the supreme authority sustain the views which have been expressed, and they must prevail.

The judgment below is accordingly affirmed.