## JOHN A. BLONDELL *v.* LILLIAN L. BLONDELL.
[No. 14, January Term, 1929.]

*Decided March 20th, 1929.*

16

 

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*George W. Lindsay,* with whom were *Paul F. Due* and *Sauerwein & Lindsay* on the brief, for the appellant.

*J. Stanislaus Cook,* with whom were *Heuisler, Cook & Cook* on the brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

The question is one of the right of a creditor of a decedent, whose domicil at the time of death was in the State of Connecticut, to recover in Maryland from the distributee of the decedent's estate after a claim for the debt had been disallowed by the executrix of his will in Connecticut, and finally barred there by a statute of limitations. The creditor, the appellant now, was the father of the decedent, and in 1905, during a previous residence of the son in Baltimore, Maryland, the father had loaned the son $7,500; and the amount had not been repaid. According to testimony of four witnesses reproduced in the stipulation filed in this case the son had during three years before his death made verbal promises of repayment. The son had left a considerable estate in Connecticut, and, in the administration there, a sum in excess of $39,000 had been distributed to his widow, the appellee here, and the administration closed. There being $767.27 of assets in Maryland, the will was probated and letters were issued to the widow by the Orphan's Court of Baltimore City, and the father sued her in her representative capacity in the Superior Court of Baltimore City, and recovered a judgment for the full amount of the claim; but the judgment was ordered released upon payment of all the assets in the State, $767.27, in accordance with the provisions of section 27 of article 26 of the Code. And that amount was paid to the appellant. There was no appeal taken by the executrix.

From answers filed by the widow in the present equity suit, and from an agreed statement of facts, it appears that the father first filed his claim in the probate court in Connecticut, that the executrix rejected it, and inasmuch as the claim was barred by the statute of limitations of Connecticut, and the bar could not be removed there by verbal promises of payment, no suit was entered on the rejected claim in that jurisdiction. And the laws of Connecticut provide that, unless suit is brought against a personal representative on a disallowed claim within four months after its disallowance, the claim is forever barred.

At the trial of the suit against the executrix in the Superior Court evidence of the rejection and barring of the claim in Connecticut, offered by the defendant, was excluded as irrelevant.

The trial court in this case signed a decree dismissing the bill of complaint against the distributee, and the complainant has appealed.

The question principally argued is that of possible effect of the Connecticut statute, forever barring a claim not sued on in four months, on a claim made upon an executrix or administratrix in Maryland, a question which has never before been presented to this court, and on which some difference of opinion may exist. *Wilson v. Hartford Fire Ins. Co.,* 164 Fed. 817; *Buckingham Hotel Co. v. Kimberly,* 138 Miss. 445; *Voyles v. Robinson* (Miss. 1928), 118 Southern Rep. 420; 1 *Woerner, American Law of Administration,* 539, 540; 1 *Woerner,* 590; *Helme v. Buckalew,* 229 N. Y. 363; *Brown v. Fletcher,* 210 U. S. 82; *Till v. Kelsey,* 207 U. S. 43; *Garland v. Garland,* 84 Va. 181; *Dalrymple v. Gamble,* 66 Md. 298. But that is not the case with which the court has to deal here. The complainant filed his claim in the administration proceedings in Connecticut, and as a result of the disallowance of it, made final as to those proceedings upon the failure to file suit on the disallowed claim, the assets now pursued were duly paid to the widow. In the present suit that process is sought to be reversed, the consequent adjudication of the right to the assets set aside, and payment out of

those assets sought a second time in Maryland because the distributee happened to be within reach of process here. In the opinion of this court this cannot be permitted because of the requirement of full faith and credit to the Connecticut adjudication.

*Decree affirmed, with costs to the appellee.*